## Certificates of Solicitation.

*Solicitation of money — Certificates — Charitable, religious and humane purposes—Act of May 13, 1925—Strikes.*

1. Certificates under the Act of May 13, 1925, P. L. 644, authorizing the solicitation of money by a strike relief committee will be issued, if it appears that the real purpose of the solicitation is to minister to the natural needs of human beings involved in a strike.

2. Where labor unions, exempt from the provisions of the Act of 1925, join with others in acting collectively as a general relief committee, they must apply for a certificate.

Department of Justice. Opinion to Mrs. Martha J. Magee, Director, Bureau of Assistance, Department of Welfare.

GOLLMAN, Dep. Att'y-Gen., July 23, 1926.—I am in receipt of your communication of June 4, 1926, asking for an opinion as to the right of your department to grant a certificate of solicitation to the Passaic Strike Relief Committee of Philadelphia. You state this certificate has been granted by your department, but the question of your right to do so has been raised by counsel for the Department of Public Safety, Philadelphia, Pa.

From the letter-head of the Passaic Strike Relief Committee submitted with your memorandum, I find that the said committee has affiliated with it, among others, the following organizations: Upholsterers No. 77, Upholsterers No. 124, Moulders No. 15, Musicians No. 77, Paper Hangers No. 316, Bakers No. 201, Machinists No. 159, Carpenters No. 1050, Carpenters No. 1073, Carpenters No. 897, Garment Workers No. 199, A. C. Workers No. 140, Tapestry Carpet Weavers, Knit Good Workers Union, Labor College of Philadelphia, all of which I am informed by a proper representative of the Department of Labor and Industry are affiliated with the American Federation of Labor. There has also been submitted to me a newspaper showing a list of contributions made, and included among this list are legitimate labor organizations. The treasurer of the committee is Ben Thomas, of the Machinists Union No. 159. Those affiliated organizations which I am informed are not members of the American Federation of Labor are the Young Workers' League, Proletarian Party, Workers' Party and the International Workers' Aid.

The act under which your department has authority to issue certificates of solicitation is the Act of May 13, 1925, P. L. 644, entitled "An act relating to and regulating the solicitation of moneys and property for charitable, relig-

Certificates of Solicitation.

ious, benevolent, humane and patriotic purposes." Section 1 provides as follows: "That . . . it shall be unlawful for any person, copartnership, association, or corporation, except in accordance with the provisions of this act, to appeal to the public for donations or subscriptions in money or in other property, . . . or by any similar means, for any charitable, benevolent, or patriotic purpose, or for the purpose of ministering to the material or spiritual needs of human beings, either in the United States or elsewhere, or of relieving suffering of animals, or of inculcating patriotism, unless the appeal is authorized by, and the money or other property is to be given to, a corporation, copartnership, association or individual holding a valid certificate of registration from the Department of Welfare, issued as herein provided."

Section 4 of said act provides as follows: "If the Department of Welfare deems the corporation, copartnership, association or individual filing such statement a proper one and not inimical to the public welfare or safety, and its appeal or proposed appeals to be for truly charitable, benevolent or patriotic purposes, or for the purpose of ministering to the material or spiritual needs of human beings in the United States or elsewhere, or of relieving suffering of animals, or of inculcating patriotism, it shall issue to such corporation, etc., . . . a certificate of registration for the particular purpose described and for the necessary period. If the department deems the corporation . . . an improper one, or the purposes of its appeal improper, . . . it shall refuse to issue a certificate of registration."

Section 11 of said act provides as follows: "This act shall not apply to fraternal organizations incorporated under the laws of the Commonwealth, . . . labor unions, . . . nor to charitable institutions or agencies required by the provisions of existing law to file reports with the Department of Welfare or with any other department or office of the Commonwealth."

The question is, therefore, whether the Passaic Strike Relief Committee of Philadelphia is a proper committee not inimical to the public welfare or safety and organized for the purposes set forth in the act referred to above. This question having been raised by counsel for the City of Philadelphia deserves the utmost consideration, but should be answered by your department. It is our opinion that if, upon investigation, it is disclosed that any of the organizations affiliated with the said Relief Committee are inimical to the public welfare or safety, and that these particular organizations are in actual control and diverting the funds so received from the true purpose of ministering to the material needs of human beings, then the certificate should be revoked. But if it is disclosed that the real purpose of the organization is to minister to the material needs of human beings, as set forth in the application, then the certificate should remain in force. The application filed by the committee sets forth the following purpose: "To raise funds and clothing for the relief of the needy men, women and children involved in the textile strike in Passaic, New Jersey." If this purpose is being carried out, it is quite evident that it meets the provisions of the act, to wit, ministration to the material needs of human beings in the United States, and the question of whether these human beings to whom relief is being administered are the families of strikers should not enter into your decision. The fact is that, under section 11 of the act, any of these organizations which are labor unions acting individually as such are exempted from the provisions of the act and are not required to obtain a certificate of solicitation from your department; but since they have chosen to act collectively as a general relief committee, the law requires them to apply for a certificate.

From C. P. Addams, Harrisburg, Pa.